UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| EUGENE EDWARD TRACY,<br><br>Plaintiff,<br><br>vs.<br><br>YCWC (YANKTON COMMUNITY WORK CENTER); DARIN FLUKE, Warden; CYNTHIA BROWN, Case Manager/Coordinator; and JONI STOCK, Nurse,<br><br>Defendants. | 4:21-CV-04060-KES<br><br>1915A SCREENING ORDER DIRECTING SERVICE IN PART AND DISMISSING IN PART |

Plaintiff, Eugene Edward Tracy, filed a pro se lawsuit on April 14, 2021. Docket 1. This court granted Tracy leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee. Docket 6. Tracy timely paid his fee on June 10, 2021. This court will now screen his complaint under 28 U.S.C. § 1915A.

I. **Factual Background**

The facts alleged in Tracy's complaint are: that due to the COVID-19 pandemic, there was a quarantine room at the Yankton Community Work Center (YCWC). Docket 1 at 3. It is unclear whether the quarantine room was used by inmates who were infected by COVID-19, or was used by inmates who transferred into the facility and then placed into quarantine.

On November 17, 2020, Nurse Joni Stock left the quarantine room and came into the unquarantined room to take temperatures without

washing/sanitizing her hands and without changing her uniform. *Id.* at 3, 11. On the same day, Cynthia Brown, the case manager, did not sanitize or wash her hands after she left the quarantined room and came into unquarantined rooms. *Id.* at 3. Tracy claims he was "forced to get the virus" but also states that he has not gotten the virus. Docket 1 at 4, 10. He claims that every day in the YCWC is torture because he does not know whether that day "could be the end or not." *Id.* at 10. Infected inmates are allegedly around non-infected inmates, and officers put Tracy in danger by not wearing gowns and by not following correct procedure. *Id.* at 11.

Tracy asserts that these alleged actions violate: (1) international human rights; (2) the Department of Corrections' policies; (3) former President Donald J. Trump's declaration of a national emergency; and (4) the Secretary of Health and Human Services' declaration of a public health emergency. *Id.* at 1, 3, 5, 7-8. Tracy seeks $1.5 million in damages because he has Post-Traumatic Stress Disorder and depression from watching people around him get the virus. *Id.* at 4. Tracy asks that defendants pay for him to attend counseling. *Id.* at 3. He also seeks "compassionate release . . . due to COVID-19" and the lack of cleanliness and [poor] management of YCWC. *Id.*

## II.     Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even

with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### III. Legal Analysis

Tracy does not specify in his complaint whether he is suing defendants in their individual or official capacities. *See* Docket 1. As a result, the court construes his claims as only official capacity claims. *See Nix v. Norman*, 879 F.2d 429, 431-33 (8th Cir. 1989) (finding that Federal Rule of Civil Procedure 9(a) requires litigants to specify whether they are suing an officer in his or her individual or official capacity, and construing a complaint as alleging only official capacity claims when a plaintiff failed to specify).

#### A. Official Capacity Claims and Claims against YCWC

Tracy names the YCWC as a defendant. Docket 1. The YCWC is a South Dakota Department of Corrections (DOC) adult corrections facility. The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. *See Cory v. White*, 457 U.S. 85, 90 (1982). In determining whether an entity is entitled to Eleventh Amendment immunity, the court examines powers created by state law, the degree of autonomy and control, and whether it is funded by the state treasury. *Greenwood v. Ross*, 778 F.2d 448, 453 (8th Cir. 1985). The DOC was created by the state legislature. SDCL § 1-15-1.2. The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989) (citations omitted). "Eleventh Amendment immunity extends to states and 'arms' of the state[.]" *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (citation

omitted). Tracy's claims against the YCWC, an arm of a state entity, is barred by the Eleventh Amendment.

Further, Tracy sues defendants Warden Fluke, Cynthia Brown, and Joni Stock, in their official capacities. Docket 1 at 1-2. The Supreme Court stated "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Fluke is a Warden for the DOC. *See* Docket 1 at 1-2. Brown is the case manager and coordinator at the YCWC and Stock is a Nurse at the YCWC. *Id.* Fluke, Stock, and Brown are employed by the DOC and claims against them in their official capacities are claims against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43 (2009). Here, Tracy seeks monetary damages and injunctive relief. Docket 1 at 4. Because Tracy sued defendants in their official capacities, Tracy has asserted a claim against the state of South Dakota. Because the state of South Dakota has not waived its sovereign immunity, Tracy's claims against defendants in their official capacities for

monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). But Tracy's claims against defendants in their official capacities for injunctive relief can at this point continue.

### B. Eighth Amendment

Tracy claims that international human rights have been violated by the alleged actions.[1] Liberally construing Tracy's alleged facts in his favor, he claims that the conditions of his confinement violate the Eighth Amendment's right to be free from cruel and unusual punishment.

To allege an Eighth Amendment conditions of confinement claim, a prisoner must allege facts that show: (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004); *Simmons v. Cook,* 154 F.3d 805, 807 (8th Cir. 1998).

In *Helling v. McKinney,* the Supreme Court held that if a prison official ignores "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" it may constitute deliberate indifference. *See* 509 U.S. 25, 33 (1993). An Eighth Amendment remedy was required when inmates were held in small cells where

---

[1] A § 1983 lawsuit creates liability when a person acting under color of state law violates an individual's rights that are guaranteed under the Constitution or federal law. *See* 42 U.S.C. § 1983. Thus, international human rights and a national emergency declaration are not cognizable claims under § 1983.

some inmates had infectious diseases, even though not all of those exposed to the disease became infected. *Hutto v. Finney*, 437 U.S. 678, 682-83 (1978).

The Eighth Amendment protects inmates from future harm and inmates are entitled to basic human needs. *Helling*, 509 U.S. at 33. Reasonable safety is a basic human need and to hold inmates in unsafe conditions is a violation of an inmate's right to be free from cruel and unusual punishment. *Id.* (citing *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 200 (1989); *Youngberg v. Romeo*, 457 U.S. 307, 315-16 (1982)).

Here, Tracy claims that he is living in unsafe conditions during the COVID-19 pandemic because Stock and Brown left the quarantined room and entered the unquarantined room without washing their hands, without changing their gloves, and without changing their clothing. Docket 1 at 3-4, 10-11. He also claims Stock took his temperature without proper sanitation. *Id.* At this time, Tracy has alleged facts to support that Stock and Brown's alleged actions put him at risk to contract the COVID-19 virus and that they were deliberately indifferent to this serious risk. Individuals can have serious symptoms and reactions to the COVID-19 virus. Tracy's Eighth Amendment condition of confinement claim against Stock and Brown survives § 1915A review.

Tracy's Eighth Amendment claim against Warden Fluke does not survive. Tracy does not allege facts to support that Fluke was directly involved in the alleged violation. Further, the Eighth Circuit has found that under § 1983:

7

> A supervisor cannot be held liable for an employee's unconstitutional actions based on a theory of respondeat superior. Rather, a supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see.

*Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir. 2003) (alteration in original) (citation and internal quotations omitted). Tracy does not allege facts to show that Fluke knew of Brown and Stock's actions, or facilitated, approved, condoned, or turned a blind eye to their alleged conduct. Thus, his Eighth Amendment claim against Fluke is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### C. Prison Policy

Tracy alleges that defendants are violating DOC policy. Docket 1. "But there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Because Tracy does not claim that the DOC policy itself is unconstitutional, his claims regarding prison policy are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### D. Compassionate Release Request

Tracy asks for compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the management and cleanliness issues at YCWC. Docket 1 at 3. Section 3582(c)(1)(A)(i) allows the sentencing court to grant compassionate release for "extraordinary and compelling reasons . . . ." Tracy is incarcerated at YCWC, a state facility. Docket 1 at 2. Because the federal court was not the sentencing

court, it does not have the authority to consider Tracy's motion for compassionate release. Tracy's compassionate release motion is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Thus, it is ORDERED:

1. That Tracy's claims against the Yankton Community Work Center and Warden Fluke are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

2. That Tracy's claims against Stuck and Brown in their individual capacities and against their official capacities (for money damages) are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

3. That Tracy's Eighth Amendment conditions of confinement claim against Stock and Brown in their official capacities for injunctive relief survive 28 U.S.C. § 1915A review. All other claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

4. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Tracy so that he may cause the complaint to be served upon Stock and Brown.

5. That Tracy shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

6. The United States Marshal Service shall serve the completed

summonses, together with a copy of the complaint (Docket 1) and this order, upon defendants.

7. Defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Federal Rule of Civil Procedure 12(a)(2) or (3).

8. Tracy will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated June 30, 2021.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE